**SLARSKEY LLC** / 420 Lexington Ave, Suite 2525 / New York, NY 10170

---

Evan Fried<br>
(646) 893-6083<br>
efried@slarskey.com

September 7, 2022

VIA ECF

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*Re: Barnes v. Block, et. al.*, No. 22-cv-7236 (VSB)(RWL)

Dear Justice Broderick,

We are counsel to Plaintiff Kevin Barnes in the above-referenced matter. We write with the consent of counsel for Defendants to request the Court So-Order the appended Stipulation setting forth a pleading schedule as agreed-upon by the parties. The parties endeavored to provide the Stipulation to the Court prior to the Court's entering the memorandum endorsement filed at Dkt. 6, but were unable to do so in light of miscommunications, discussed *infra*.

As background, Plaintiff commenced this action in the Supreme Court of the State of New York on July 25, 2022 by filing a Summons with Notice. (Dkt 1-1.) Ultimately, on August 24, Defendants filed a Notice of Removal in this Court. (Dkt. 1.) On August 25, Defendants filed a notice of the Notice of Removal with the Supreme Court of New York, and served it upon our office.

The following day, Friday August 26, we spoke with counsel for Defendants. Both parties acknowledged potential procedural peculiarities and ambiguities in the pleading requirements following removal of an action filed in state court with Summons with Notice (a mechanism existing under New York's CPLR) to federal court (where there is no equivalent under the Federal Rules of Civil Procedure). Accordingly, counsel agreed, subject to approval by clients and formal documentation, to a pleading schedule providing ample time for both parties to serve pleadings and responsive pleadings. At 1:40pm, counsel for Defendants emailed our office with the terms for the proposed stipulation, *i.e.*, that (1) Defendants need not answer or respond to Plaintiff's Summons with Notice, (2) Plaintiff will file a Complaint via ECF on or before September 26, 2022, and (3) Defendants will answer or otherwise respond thirty (30) days thereafter.

Because we were unable to respond to Defendants' counsel's letter in the few hours following Defendants' email, out of abundance of caution, counsel for Defendants filed on the docket a letter application, requesting thirty (30) days to respond to Plaintiff's complaint, but not specifying a deadline by which Plaintiff should file its Complaint. (Dkt. 5.) Defendants served a copy of the letter on Plaintiff's counsel via email. We immediately responded that,

SLARSKEY LLC

Page 2

---

notwithstanding our inability to reply earlier, we, in fact, consented the earlier-proposed Stipulation—thereby mooting Defendants' letter application.

Thereafter, the parties circulated drafts of a formal Stipulation to file with the Court. However, by the time the parties documented a Stipulation, the Court had already entered the memorandum endorsement on August 30. (Dkt. 6.) The Court's memorandum endorsement grants Defendants thirty (30) days to respond to Plaintiff's pleading, but, because Defendants' letter was silent on the issue of the timing of Plaintiff's serving its complaint, the Court's memorandum does not provide added time for Plaintiff to serve its initial pleading in the first instance.

Counsel for the parties communicated throughout the next few days (straddling Labor Day weekend, during which one set of counsel was unavailable to communicate), and ultimately finalized the Stipulation and this letter to the Court for submission today.

Accordingly, the parties request that the Court So-Order the parties' Stipulation that (1) Defendants need not respond to the Summons with Notice served in the Supreme Court, (2) Plaintiff file its Complaint in this action via ECF on or before September 26, and (3) Defendants answer or otherwise respond to Plaintiff's complaint within thirty (30) days of Plaintiff's filing. The Stipulation would override the Court's memorandum endorsement at Dkt. 6.

We appreciate the Court's attention to this matter.

Sincerely,
//s// Evan Fried
Evan Fried

cc:
All counsel of record

**APPLICATION GRANTED
SO ORDERED**
VERNON S. BRODERICK
U.S.D.J.   09/08/2022

The parties are reminded that, pursuant to Rule 1.G. of my Individual Rules & Practices in Civil Cases, all requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions. The letter-motion must state the following: (1) the original due date; (2) the number of previous requests for adjournments or extensions of time; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the specific reasons for the adjournment or extension of time.