# SLARSKEY LLC / 420 Lexington Ave. / Suite 2525 / New York, NY 10170

Evan Fried
(212) 658-0661
efried@slarskey.com

October 25, 2022

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kevin Barnes v. Carson Block, et al.,* 22 Civ. 7236 (VSB)(RWL)

Dear Judge Broderick:

We are counsel to Plaintiff Kevin Barnes ("Barnes") in the above-referenced action. We write pursuant to Rule 1(G) of Your Honor's Individual Rules of Practice to request an enlargement of the briefing schedule related to Defendants Carson Block ("Block")'s and Muddy Waters, LLC's ("Muddy Waters") (collectively, "Defendants") motion to dismiss. *See* ECF Nos. 14-16. Defendant's motion entails seven different legal arguments with multiple subparts. Plaintiff requested, and Defendant declined, a two-week extension for opposition, which was requested as a professional courtesy and offered with an extension to Defendant's reply papers if desired.

We provide some background, below, because of the unusual denial by Defendants' counsel; indeed, counsel told us that "in thirty years, he has never refused a two-week extension on a briefing schedule." It is difficult to understand what makes this case the extreme outlier, other than Defendants' vexatious conduct already on display in the just-initiated action.

As background, Barnes and Block collaborated on a series of research projects concerning inflated stock prices of U.S.-listed companies operating in the People's Republic of China. Their work prompted the SEC to open an investigation into Focus Media and, in 2015, resulted in a $55.6 million enforcement recovery. In 2022, the SEC awarded Defendant Block, but not Plaintiff Barnes, a $14 million "whistleblower" bounty. This action followed, with Barnes asserting causes of action against Defendants for unjust enrichment, constructive trust, and breach of fiduciary duty. Barnes believes that Block deliberately and falsely diminished Barnes's role in the partnership to the SEC, so that the SEC would grant solely Block the reward.

Barnes initially filed this matter in New York Supreme Court, whereupon Block refused to permit counsel to accept service and ducked service for weeks. After substitute service was effected, Defendants removed the action to this Court on August 24, 2022. Immediately after the removal, Defendants filed a *new* federal action in the Western District of Texas, with compulsory counterclaims that should have been asserted here, thus proliferating the federal proceedings. Counsel for Defendants here (presumably at the insistence of their client) then began threatening

us with a frivolous Rule 11 motion if we did not immediately withdraw Plaintiff's claims.[1] On October 18, 2022, Defendants made their motion to dismiss in this action—though apparently abandoned their Rule 11 threats, since no separate motion was made.

Pursuant to Local Rule 6.1(b), Barnes' opposition is currently due on November 1, 2022, with Defendants' reply due on November 8, 2022. Given the seven different legal arguments with multiple subparts made by Defendants, we sought the courtesy of a two-week enlargement of time to oppose, and offered Defendants a corresponding extension of time to reply.

Defendants refused our request for an adjustment of the briefing schedule. Defendants' refusal to consent—and the corresponding need for this Court's intervention on a matter so routine that opposing counsel has never denied a two-week extension in 30 years—is unfortunate, but is consistent with Defendants' shenanigans in refusing to accept and then ducking service, forum shopping and proliferating the proceedings, with compulsory counterclaims brought separately in another venue, and meritless threats of Rule 11 motion practice, which threats were improperly made for strategic purposes and then abandoned. Though we suspect it is Defendants (and not their counsel) driving this conduct, the tactics on display are not befitting of federal practice or the caliber of the counsel involved.

We accordingly request intervention from the Court, and—if the Court finds it appropriate—to set expectations for how this matter will be conducted between counsel. This is Barnes's first request for an extension of time to oppose Defendants' motion to dismiss. Barnes respectfully requests the Court set a briefing schedule pursuant to which

- Barnes' opposition papers shall be filed no later than **November 15, 2022**; and

- Defendants' reply papers shall be filed no later than **November 29, 2022**.[2]

We thank the Court for its time and consideration of the matters within.

Sincerely,
//s// Evan Fried
Evan Fried

To:     All counsel (via ECF)

---

[1] Counsel's frivolous Rule 11 threats conflicted with the advisory notes to the Rule, which state that Rule 11 threats should not be made "to test the legal sufficiency or efficacy of allegations in the pleadings," "to emphasize the merits of a party's position," or "to intimidate an adversary into withdrawing contentions that are fairly debatable." That is precisely what went on here.

[2] As Thanksgiving falls on November 24th, Barnes has included in the proposed briefing schedule an additional week for Defendants' to file their reply papers and, further, would not object to additional time should Defendants' counsel's personal and travel plans require it.