UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN BARNES,

                     Plaintiff,

      -against-

CARSON BLOCK and MUDDY WATERS,
LLC,

                Defendants.

22 Civ. 7236 (VSB)(RWL)


**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**


Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

TABLE OF CONTENTS

PAGE NO.

TABLE OF AUTHORITIES ...................................................................................ii-iii

AN UNRIPE, MERITLESS CASE ..........................................................................1

ARGUMENT ...........................................................................................................1

     I.     PLAINTIFF'S CLAIMS ARE NOT RIPE BECAUSE THE SEC COULD BE
             REQUIRED TO RECONSIDER ITS WHISTLEBLOWER AWARD
             DETERMINATION ..................................................................................1

     II.    THE COURT LACKS JURISDICTION OVER DEFENDANTS ........................4

            A.   Muddy Waters, LLC Is Not Subject to General Jurisdiction in New York ......4

            B.   The Court Lacks Specific Jurisdiction Over Defendants .................................5

     III.    PLAINTIFF CANNOT PLEAD A FIDUCIARY RELATIONSHIP ...................7

     IV.    PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM IS UNTIMELY ......8

     V.    NEW YORK IS THE WRONG FORUM FOR PLAINTIFF'S CLAIMS .............9

     VI.    PLAINTIFF'S CLAIMS ARE COMPULSORY
             COUNTERCLAIMS IN TEXAS ..........................................................................9

     VII.   A CONSTRUCTIVE TRUST IS UNAVAILABLE ............................................10

CONCLUSION........................................................................................................10

<u>TABLE OF AUTHORITIES</u>

**Cases**

*Alterseekers, Inc. v. BrandForce SF, LLC*,
    No. 12 Civ. 5392, 2015 WL 5719759, (E.D.N.Y. Sept. 29, 2015)................................. 10

*Artco, Inc. v. Kiddie, Inc.*,
    No. 88 Civ. 5734, 1993 WL 962596, (S.D.N.Y. Dec. 28, 1993)....................................... 8

*Aventura Techs., Inc. v. World of Residensea II, Ltd.*,
    No. 13 Civ. 1097, 2018 WL 4388453, (E.D.N.Y. Sept. 14, 2018)................................... 6

*Best Van Lines, Inc. v. Waler*,
    490 F.3d 239, (2d Cir. 2007)........................................................................................... 6

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
    448 F. 3d 573, (2d Cir. 2006)........................................................................................... 8

*Chloe v. Queen Bee of Beverly Hills, LLC*,
    616 F.3d 158 (2d Cir. 2010)............................................................................................. 7

*City of Almaty v. Ablyakov*,
    278 F. Supp. 3d 776, (S.D.N.Y. 2017)............................................................................ 3

*Country View Estates @ Ridge LLC v. Town of Brookhaven*,
    452 F. Supp. 2d 142, (E.D.N.Y. 2006) ........................................................................... 4

*Diesel Props S.r.l. v. Greystone Bus. Credit II LLC.*,
    631 F. 3d 42, (2d Cir. 2011)............................................................................................. 8

*Ely v. Perthuis*,
    No. 12 Civ. 1078, 2013 WL 411348, (S.D.N.Y. Jan. 29, 2013)....................................... 7

*Gehling v. St. George's School of Med., Ltd.*,
    773 F.2d 539, (3d Cir. 1985)........................................................................................... 5

*Golden Pacific Bancorp v. Fed Deposit Insurance Corp.*,
    273 F.3d 509, (2d Cir. 2001).................................................................................... 2, 9

*Graev v. Graev*,
    219 A.D. 2d 535, (1st Dep't 1995) ............................................................................. 10

*Grynberg v. ENI S.p.A.*,
    No. 06 Civ.6495, 2009 WL 2482181, (S.D.N.Y. Aug. 13, 2009) ..................................... 3

*Jayne v. Royal Jordanian Airlines Corp.*,
    502 F. Supp. 848, (S.D.N.Y. 1980)................................................................................. 5

*JPMorgan Chase Bank, N.A. v. Maurer*,
    No. 13 Civ. 3302, 2015 WL 539494, (S.D.N.Y. Feb. 10, 2015) ...................................... 2

*Kevorkian v. Harrington*,
    601 N.Y.S. 2d 522, (Sup. Ct. N.Y. Cnty, 1993) ................................................................ 10

*Kidz Cloz, Inc. v. Officially for Kids, Inc.*,
    320 F. Supp 2d 164, (S.D.N.Y. 2004)................................................................................. 7

*Nutritional Health All. v. Shalala*,
    144 F.3d 220, (2d Cir. 1998)................................................................................................ 4

*Sandstone Springs, LLC v. Virag Distribution, LLC*,
    No. 21 Civ. 5415, 2022 WL 3020238, (W.D.N.Y. July 29, 2022) ..................................... 6

*SAS Grp., Inc. v. Worldwide Inventions, Inc.*,
    245 F. Supp. 2d 543, (S.D.N.Y. 2003)................................................................................ 5

*Scott v. Rosenthal*,
    No. 97 Civ. 2143, 2000 WL 1863542, (S.D.N.Y. Dec. 20, 2000)...................................... 7

*Star Auto Sales of Queens LLC v. Iskander*,
    No. 19 Civ. 6791, 2022 WL 784520, (E.D.N.Y. Mar. 15, 2022) ..................................... 10

*U.S. Bank Nat'l Assoc. v. Bank of Am. N.A.*,
    916 F.3d 143, (2d Cir. 2019)................................................................................................ 6

*Weiss v. Barc, Inc.*,
    No. 12 Civ. 7571, 2013 WL 2355509, (S.D.N.Y. May 29, 2013)....................................... 4

**Statutes**

17 C.F.R. § 240.21F-14 ......................................................................................................... 2, 3

17 C.F.R. § 240.21F-5 ............................................................................................................... 2

**Other Authorities**

Securities Whistleblower Incentives and Protections,
    76 Fed. Reg. 34,300-01 (June 13, 2011).................................................................... 1, 2, 3

**AN UNRIPE, MERITLESS CASE**

The Court lacks subject matter jurisdiction over this case because it is not ripe. Plaintiff Kevin Barnes is currently appealing the Securities and Exchange Commission's ("SEC") determination that he is not entitled to a whistleblower award. The law is clear: the outcome of that appeal "could require the [SEC] to reconsider its determination" regarding whistleblower awards in this matter, meaning that if Barnes's appeal succeeds, Mr. Block's award would likely be impacted. 76 Fed. Reg. 34,300-01, 34,349 (June 13, 2011). With the fate of any whistleblower awards yet to be conclusively determined, Plaintiff's claims are not ripe.

Plaintiff's claims fail for other reasons as well. Defendants are not subject to personal jurisdiction in New York, and Barnes's desperate arguments to the contrary rely on allegations about an entity that is not even a party to this case. Even if Defendants were subject to personal jurisdiction here, New York is not the right forum for this case because none of the parties, none of the witnesses, and none of the discovery is located in New York. Barnes does not allege a fiduciary relationship between the parties—and he cannot; his breach of fiduciary duty claim is foreclosed. And, even if he could plead a fiduciary relationship, his breach of fiduciary duty claim is time barred. This whole case should also be dismissed because Barnes's claims are compulsory counterclaims in a pending Texas action between the parties. And lastly, Barnes's constructive trust claim is unsustainable. This case should be dismissed.

**ARGUMENT**

I.   **PLAINTIFF'S CLAIMS ARE NOT RIPE BECAUSE THE SEC COULD BE REQUIRED TO RECONSIDER ITS WHISTLEBLOWER AWARD DETERMINATION**

Plaintiff's unjust enrichment and constructive trust claims are unripe and must be dismissed because Plaintiff's own Third Circuit appeal could require the SEC to reconsider its whistleblower award determination. Plaintiff misrepresents the status and effect of his Third

Circuit appeal. His contention that Mr. Block "will imminently be distributed $14 million," Pl. Opp. at 3, regardless of the outcome in the Third Circuit is contrary to federal law. Federal regulations require the SEC to hold Mr. Block's award pending the outcome of Barnes's appeal "because the disposition of the appeal could require the Commission to reconsider its determination and thereby could affect all payments for that action." 76 Fed. Reg. 34,300-01, 34,349; *see* 17 C.F.R. § 240.21F-14(c)(2) (prohibiting "payment of a whistleblower award" until "[t]he completion of the appeals process for all whistleblower award claims"). In addition, as a matter of federal law, "in no event will the total amount awarded to all whistleblowers in the aggregate be…greater than 30 percent of the amount the Commission…collect[s]." 17 C.F.R. § 240.21F-5(c). Here, the SEC collected approximately $55.6 million from Focus Media. ¶ 79.[1] The total value of all whistleblower awards thus cannot exceed approximately $16.68 million. If the Third Circuit concludes Barnes is entitled to an award, it could cause the SEC to "reconsider its determination" to ensure the cap is not exceeded. 76 Fed. Reg. 34,300-01, 34,349.

Against this backdrop, Plaintiff's legal arguments miss the mark. This is precisely the kind of case contemplated by the Second Circuit's decision in *Golden Pacific Bancorp v. Fed Deposit Insurance Corp.*, where an unjust enrichment claim was held not to be ripe because the alleged "enrichment" had not been paid and had not "become more than speculative." 273 F.3d 509, 520 (2d Cir. 2001). Plaintiff's other cases support the same conclusion when compared to the instant case. This is *not* a case where there has been an "increase in wealth" through acquisition of a valuable "asset." *See, e.g.*, *JPMorgan Chase Bank, N.A. v. Maurer*, No. 13 Civ. 3302, 2015 WL 539494, *6-7 (S.D.N.Y. Feb. 10, 2015) (defendants were enriched when they came to *own* securities in the IRA or a cause of action to *require disbursement* of the IRA);

---

[1]      Citations to "¶__" refer to paragraphs in the Complaint.

*Grynberg v. ENI S.p.A.*, No. 06 Civ.6495, 2009 WL 2482181, *4-5 (S.D.N.Y. Aug. 13, 2009) (unjust enrichment claim accrued when defendant *received* revenues). Nor is this a case where Defendants have acquired investments that have yet to produce liquid wealth. *See City of Almaty v. Ablyakov*, 278 F. Supp. 3d 776, 800 (S.D.N.Y. 2017). Plaintiff fixates on whether a transfer of money is required to sustain an unjust enrichment claim, but ignores the fact that Mr. Block has not received *any* benefit, monetary or otherwise.

Nor is any whistleblower award likely to be "received soon," as Plaintiff claims. Pl. Opp. at 19. No whistleblower award can be distributed until Barnes has exhausted all his appellate rights, including his right to petition the United States Supreme Court for a *writ of certiorari*. *See* 17 C.F.R. § 240.21F-14(c). Barnes knows this. Before filing his appeal in the Third Circuit, Barnes used the delay that would result from exercising his appellate rights as leverage to coerce Mr. Block to pay him. *See* Ex. A, Declaration of Carson Block, dated November 28, 2022 ("Block Decl.") ¶ 26. Indeed, if the Third Circuit concludes that Barnes is entitled to an award, it could be years until the SEC issues a decision on remand. To illustrate, Mr. Block filed his application for an award in January 2016 and it took the SEC more than three and a half years to issue a preliminary determination. ¶¶ 8-9. After Mr. Block filed his request for reconsideration in 2019, the SEC did not issue its decision until more than two years later. ¶¶ 9-10. Moreover, the SEC's subsequent decision could itself be subject to a challenge in court.

For the foreseeable future, all Mr. Block has is an initial determination from the SEC, which the SEC may be required to "reconsider" depending on the outcome in the Third Circuit. 76 Fed. Reg. 34,300-01, 34,349. A determination that is subject to "reconsideration" is

neither an asset nor a guarantee that enriches Mr. Block. And, absent an enrichment, Plaintiff's

unjust enrichment and constructive trust claims are unripe.[2]

## II.    THE COURT LACKS JURISDICTION OVER DEFENDANTS

Defendants are not subject to personal jurisdiction in New York. Plaintiff's

assertions that Muddy Waters, LLC is subject to both general and specific jurisdiction and that

Mr. Block is subject to specific jurisdiction are unsupported and incorrect.

### A.    Muddy Waters, LLC Is Not Subject to General Jurisdiction in New York

There is no general jurisdiction in New York over Muddy Waters, LLC ("Muddy

Waters").[3] Muddy Waters is a Nevada corporation. It is not qualified to do business in New

York. It has no offices or employees in New York. It has no documents in New York. It has no

bank accounts in New York. It owns no real property in New York. It conducts no business in

New York. Block Decl. ¶¶ 4-6. It is not subject to general jurisdiction here. *See Weiss v. Barc,*

*Inc.*, No. 12 Civ. 7571, 2013 WL 2355509, at *2 (S.D.N.Y. May 29, 2013) (no general

jurisdiction over a California company with no office, real property, bank accounts, or

employees in New York).

In arguing to the contrary, Plaintiff impermissibly conflates Muddy Waters with

Muddy Waters Capital, LLC ("MWC"), a completely separate entity, which is an SEC-registered

investment adviser with its principal place of business in Texas. *See* Block Decl. ¶¶ 10-11.

Muddy Waters owns no portion of MWC, and MWC owns no portion of Muddy Waters. *See id.*

¶ 13. Several of the New York "connections" Plaintiff attributes to Muddy Waters solely relate to

MWC. First, Muddy Waters does not employ a General Counsel and Chief Compliance Officer

---

[2]      Plaintiff's alternative request to stay this action should be denied. "Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts." *Nutritional Health All. v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998). "If the case is not ripe, there is no subject matter jurisdiction, and thus no basis to issue a stay." *Country View Estates @ Ridge LLC v. Town of Brookhaven*, 452 F. Supp. 2d 142, 144 (E.D.N.Y. 2006).

[3]      Plaintiff does not dispute, and thus concedes, that the Court lacks general jurisdiction over Mr. Block.

in New York (or anywhere). *Contra* Pl. Opp. at 10. Anthony Jew is the General Counsel and Chief Compliance Officer for *MWC*. *See* Block Decl. ¶ 12. Second, Muddy Waters has never voluntarily initiated litigation in New York. *See id.* ¶ 15. Plaintiff cites four cases to support his general jurisdiction argument, *see id.* ¶ 16, but only two involve Muddy Waters and Muddy Waters is a *defendant* in both. *See id.* Muddy Waters did not voluntarily initiate either case. The other two cases Plaintiff cites involve MWC, not Muddy Waters. *See id.* Third, any "investor meetings" Mr. Block has conducted in New York, Pl. Opp. at 10, concerned his work for MWC, which is an SEC-registered investment adviser, not Muddy Waters. *See* Block Decl. ¶ 14.

The other New York "connections" on which Plaintiff relies are insufficient. Muddy Waters's website directs media inquiries to its New York-based public relations firm. *See id.* ¶ 17. Working with a media relations firm in a state does not give rise to general jurisdiction. *See, e.g.*, *Jayne v. Royal Jordanian Airlines Corp.*, 502 F. Supp. 848, 856 (S.D.N.Y. 1980) (use of a New York public relations firm insufficient for general jurisdiction). Nor are Mr. Block's handful of media appearances in New York—none of which concerned the FMCN Report— sufficient to confer general jurisdiction. *See Gehling v. St. George's School of Med., Ltd.*, 773 F.2d 539, 542-43 (3d Cir. 1985) (no general jurisdiction over a school based on a one-month media tour in Philadelphia).

### B.    The Court Lacks Specific Jurisdiction Over Defendants

Plaintiff's vague allegations about work *he* did in New York and incidental conversations in New York are insufficient to sustain jurisdiction over *Defendants* who have not indicated "a purposeful invocation of the laws of New York State." *SAS Grp., Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d 543, 548 (S.D.N.Y. 2003) (cleaned up).

Plaintiff's allegations about work he claims to have conducted in New York are irrelevant to the question of whether jurisdiction exists over Defendants. *See, e.g.*, *Best Van*

*Lines, Inc. v. Waler*, 490 F.3d 239, 242-43 (2d Cir. 2007) ("The crucial question is whether the *defendant* has purposefully availed itself to the privilege of conducting activities within the forum State" (emphasis added) (cleaned up)). Plaintiff does not claim Defendants asked him or expected him to do any work in New York, or that their purported "joint venture" contemplated any work being done in New York. Similarly, incidental phone calls Plaintiff claims to have had with Mr. Block while Mr. Block happened to be in New York are not sufficient to create specific jurisdiction. *See U.S. Bank Nat'l Assoc. v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019) ("It is insufficient to rely on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff with the forum to establish specific jurisdiction." (cleaned up)).

Plaintiff's claims about Defendants' conduct are equally insufficient to establish personal jurisdiction. An alleged single, hour-plus meeting at which no written contract was signed cannot sustain specific jurisdiction. Plaintiff's cases support that conclusion. *See Sandstone Springs, LLC v. Virag Distribution, LLC*, No. 21 Civ. 5415, 2022 WL 3020238, at *7-8 (W.D.N.Y. July 29, 2022) ("a single meeting negotiating terms will rarely provide the basis for jurisdiction pursuant to § 302 (a)(1), especially when that meeting does not result in the execution of a contract" (cleaned up)); *Aventura Techs., Inc. v. World of Residensea II, Ltd.*, No. 13 Civ. 1097, 2018 WL 4388453, at *5 (E.D.N.Y. Sept. 14, 2018) (finding jurisdiction where defendant solicited services from Plaintiff (a New York company), communicated with Plaintiff's employees in New York for years before, during, and after the project, sent a purchase order to New York, and had Plaintiff's Managing Director check the project in New York).

Aside from the alleged single, one-hour meeting, the Complaint alleges *no* negotiations between the parties in New York and *no* written agreement. And as Barnes concedes, the Focus Media investigation was conducted outside New York, ¶ 37, the FMCN

6

report was prepared and published outside New York, ¶¶ 62, 65, and neither he nor Mr. Block had any conversations with the SEC in New York. Plaintiff does not even allege Defendants breached their supposed "partnership agreement" in New York.

Finally, jurisdiction would run afoul of due process considerations because, as explained *supra*, Defendants have not purposefully availed themselves of doing business in New York. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir. 2010).

## III.   PLAINTIFF CANNOT PLEAD A FIDUCIARY RELATIONSHIP

Barnes's hazy allegations do not establish a fiduciary relationship between the parties. Notably, in opposing this motion to dismiss, Barnes switches tactics, favoring the phrase "joint venture" over the term "partnership," which he used repeatedly in his Complaint. *See, e.g.*, ¶¶ 3, 42, 43, 45, 46, 48, 50. Regardless of which label he chooses, Barnes does not allege a fiduciary relationship because the *sine qua non* of a partnership or a joint venture is the sharing of profits *and losses. See Kidz Cloz, Inc. v. Officially for Kids, Inc.,* 320 F. Supp 2d 164, 170-71 (S.D.N.Y. 2004) (describing sharing profits and losses as an essential element of a joint venture); *Ely v. Perthuis*, No. 12 Civ. 1078, 2013 WL 411348, at *4 n.5. (S.D.N.Y. Jan. 29, 2013) (no partnership based on failure to allege an agreement to share losses).[4]

Here, Plaintiff has not and (cannot) allege the parties shared losses. The Complaint includes no allegations about who funded the investigation, who paid the investigators, or who financed the publication of the FMCN Report. The Complaint is silent on these matters because Plaintiff knows Defendants paid all those bills. The Complaint alleges Barnes purportedly provided *services* to the Focus Media investigation, *see* ¶¶ 52, 55-59 but "the

---

[4]      Plaintiff's allegations about supposedly sharing revenue from the FMCN Report are insufficient to establish a partnership where, as here, there is no shared liability for debts or joint contribution of capital. *Scott v. Rosenthal*, No. 97 Civ. 2143, 2000 WL 1863542, at *3 (S.D.N.Y. Dec. 20, 2000) (finding no partnership where plaintiff only cited an agreement to share "net profits").

value of services is *not* sufficient to satisfy the required sharing of losses element." *Artco, Inc. v. Kiddie, Inc.*, No. 88 Civ. 5734, 1993 WL 962596, * 11 (S.D.N.Y. Dec. 28, 1993).

To the extent the Complaint includes any allegations concerning "expenses" Plaintiff paid, such expenses relate to investigations *other than* the Focus Media investigation. Those investigations have no bearing on whether the parties formed a partnership for purposes of conducting the Focus Media investigation, since Plaintiff alleges the parties "hashed out the terms" of an oral partnership agreement with respect to Focus Media separate from any previous agreements and after the previous investigations had been concluded. ¶ 45.

Finally, claiming a fiduciary duty while also bringing an unjust enrichment claim simply does not make sense. Plaintiff's argument to the contrary—that an unjust enrichment claim can lie when there is an oral agreement but not a written agreement—is wrong. "The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC.*, 631 F. 3d 42, 54 (2d Cir. 2011) (cleaned up). Indeed, "a quasi-contractual obligation is one imposed by law *where there has been no agreement or expression of assent, by word or act, on the part of either party involved*." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F. 3d 573, 587 (2d Cir. 2006) (cleaned up) (emphasis in original). Plaintiff cannot argue both that there was an agreement sufficient to create a fiduciary duty and also bring an unjust enrichment claim for which such an agreement must be absent.

## IV.   PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM IS UNTIMELY

Barnes's breach of fiduciary duty claim is untimely because the "breach" that Barnes complains of occurred in 2016. Barnes alleges that Defendants breached their purported fiduciary duty to him "by failing to credit Barnes for his role in the FMCN Report to the SEC" and by failing to compensate him for a portion of the whistleblower award.  ¶ 134. Because Mr.

Block has no guarantee of receiving the whistleblower award, the only "breach" at issue is the alleged failure to credit him for his role in the Report, which is time barred.

The statute of limitations for a breach of fiduciary duty claim accrues when the fiduciary breaches his duty or the parties' relationship has been terminated. *Golden Pacific Bancorp*, 273 F. 3d at 518. Plaintiff's claim that the statute of limitations was tolled because of the parties' relationship of "trust" is belied by the allegations in the Complaint. Barnes knew as of January 19, 2016 that Mr. Block had submitted a whistleblower award application that did not include Barnes and believed that Mr. Block was acting against his interests. ¶¶ 89, 92. Plaintiff's Summons with Notice was filed in July 2022, more than six years later.

To the extent Plaintiff's breach of fiduciary duty claim does not accrue until he suffers damages, his claim has still not accrued, since no SEC whistleblower award—to Barnes or Mr. Block—will be finally determined until the Barnes's Third Circuit appeal is resolved. *See supra*, § 1. Plaintiff's breach of fiduciary duty claim should be dismissed.

## V.     NEW YORK IS THE WRONG FORUM FOR PLAINTIFF'S CLAIMS

Plaintiff's claims should be dismissed on *forum non conveniens* grounds because there is no substantial connection between New York and the underlying events. This case could be brought in Texas, where there is already a pending action concerning the same subject matter of this case, California, where the FMCN Report was published, or Pennsylvania, where Plaintiff lives and challenges the SEC Final Order. All alternate forums have more connections to this case than New York. And because no joint venture or partnership was formed under New York law, *see infra* § III, New York has no interest in this case.

## VI.    PLAINTIFF'S CLAIMS ARE COMPULSORY COUNTERCLAIMS IN TEXAS

Plaintiff's argument that his claims are not compulsory counterclaims in the Texas action is unsupported by law. Defendants cited two Appellate Division cases holding that

service of a summons with notice only does not count for purposes of determining which action is filed first. *See* Defs. Br. at 25 (collecting cases). Plaintiff counters this New York appellate authority with one trial court case and out-of-state precedent. But Defendants' authority is not an anomaly; it has been repeatedly applied by New York courts. *See, e.g.*, *Graev v. Graev*, 219 A.D. 2d 535, 535-36 (1st Dep't 1995); *Kevorkian v. Harrington*, 601 N.Y.S. 2d 522, 524 (Sup. Ct. N.Y. Cnty, 1993). Because New York law is clear that Defendants' action was filed first, Plaintiff's claims are compulsory counterclaims in the pending Texas action.

## VII.    A CONSTRUCTIVE TRUST IS UNAVAILABLE

Plaintiff has not demonstrated that money damages are inadequate relief. "[W]here money damages suffice, a constructive trust is inappropriate." *Star Auto Sales of Queens LLC v. Iskander*, No. 19 Civ. 6791, 2022 WL 784520, at *7 (E.D.N.Y. Mar. 15, 2022). While Plaintiff cites other cases in which courts have imposed constructive trusts in specific circumstances for reasons that are not explained, Plaintiff does not allege any specific circumstances that would justify imposing a constructive trust here. In an analogous case, the court dismissed a constructive trust claim where the plaintiff did not set forth sufficient allegations to show that money damages were "inadequate to fully compensate [plaintiff] for the damage it allegedly suffered for the breach of the partnership/joint venture agreement." *Alterseekers, Inc. v. BrandForce SF, LLC*, No. 12 Civ. 5392, 2015 WL 5719759, at * 11-12 (E.D.N.Y. Sept. 29, 2015). This is precisely the case here. The only harm Plaintiff alleges arises from a possible $14 million award that Defendants have no guarantee of receiving. Monetary damages are plainly sufficient to remedy this alleged harm.

## CONCLUSION

For all the foregoing reasons, the Complaint should be dismissed.

Dated: November 29, 2022
       New York, New York

                                    EMERY CELLI BRINCKERHOFF
                                    ABADY WARD & MAAZEL LLP


                                    /s/
                                    _____
                                    Andrew G. Celli, Jr.
                                    Samuel Shapiro
                                    Sana Mayat

                                    600 Fifth Avenue, 10th Floor
                                    New York, New York 10020
                                    (212) 763-5000

                                    *Attorneys for Defendants*