EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

March 24, 2023

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

     Re: *Barnes v. Block, et. al.*, No. 22-cv-7236 (VSB)(RWL)

Dear Judge Broderick,

     On behalf of the Defendants Carson Block and Muddy Waters, LLC, we write in response to Plaintiff Kevin Barnes' March 23, 2023 letter regarding the Report and Recommendation (the "R&R") issued in *Block v. Barnes*, No. 1:22-cv-869-LY (W.D. Texas) (the "Texas Action"). Dkt. 30. The R&R has no bearing on the arguments set forth in Defendants' motion to dismiss. For the reasons set forth in that therein, Plaintiff's Complaint in this action should be dismissed.

     First, the R&R has not been adopted by a District Judge and is thus not a final court ruling. *See Cruz v. Lumpkin*, No. 21-40613, 2022 WL 1793510 at * 1 (5th Cir. Jun. 2, 2022) ("[u]nless otherwise authorized, a magistrate judge's report and recommendation does not constitute a final decision by the district court."). Mr. Block intends to file objections to the R&R under 28 U.S.C. 636(b)(1)(C).

     Second, even if it were adopted, the R&R does not save Plaintiff's Complaint in this action. Contrary to Plaintiff's claim, the R&R does not reach any conclusions about where the facts underlying the dispute that gives rise to *this* action took place. The R&R is specific to facts underlying the *Texas Action*, where the Magistrate Judge found Mr. Block's injuries stemmed from a Wall Street Journal interview, without any comment on the alleged "partnership" Plaintiff asserts he had with Defendants or where that "partnership" was supposedly formed. Dkt. 30-1 at 11.

     Regardless of the R&R, the Court still lacks personal jurisdiction over Defendants. Neither Defendant is domiciled here, and none of their contacts with New York are sufficient to give rise to personal jurisdiction in this case. *See* Dkt. 15 at 15-16. The Court should disregard the R&R's inaccurate claim that Anthony Jew is General Counsel for Muddy Waters, LLC (Dkt. 30-1 at 10). Mr. Block filed a Declaration in this case explaining that Mr. Jew is employed by a different entity, Muddy Waters Capital LLC. Dkt. 28 ¶ 12. "Mr. Jew is *not* employed by Muddy Waters [LLC]," Mr. Block declared. *Id.* That evidence is unrebutted.

Nor does the R&R make New York the appropriate forum to litigate this case. Defendants are domiciled in Texas, the majority of the FMCN Report was published in California, and Barnes lives in Pennsylvania, where he has challenged the SEC Final Order. *See* Dkt. 27 at 9. All of those forums would be more appropriate than this one.

The Court should accept the R&R for what it is: an interlocutory order that is being appealed and that offers no comment on the facts that compel dismissal in this case. For all the reasons set forth in Defendants' motion to dismiss, the Court should dismiss Plaintiff's Complaint.

Sincerely,

_____/s/_____

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

Andrew G. Celli, Jr.
Samuel Shapiro
Sana Mayat

600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

*Attorneys for Defendants*

cc. All Counsel of Record