```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/2025
```

**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEVIN BARNES,

                Plaintiff,

        - against -

CARSON BLOCK and MUDDY WATERS, LLC.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 22-cv-7236 (LTS) (HJR)

**Case Management Plan and Scheduling Order**

      The parties submit this Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on <u>July 22, 2025</u> via <u>telephone</u>.

2. **Summary of Claims, Defenses, and Relevant Issues:**

<u>Plaintiff</u>:

Plaintiff and Defendants collaborated on a series of investigative reports concerning publicly-traded companies based in China, including Focus Media, Inc. ("FMCN"). Defendants ultimately received a $14 million SEC whistleblower award based on such partnership, but failed to remit Plaintiff his 50% portion. Plaintiff has thus brought claims for unjust enrichment and breach of fiduciary duty.

<u>Defendant(s)</u>:

Defendants hired Plaintiff as an independent contractor to join an existing investigation team researching Focus Media. Defendants compensated Plaintiff for his work on the investigation. Defendants spearheaded and funded the investigation, published its findings, and provided information to the SEC. Defendants then applied for and received a $14 million whistleblower award based on the investigation.

Defendants' affirmative defenses include: (1) Plaintiff's claims are barred by the statutes of limitations; (2) The Court lacks personal jurisdiction over Defendants; (3) Venue is improper and the action is subject to the doctrine of forum non conveniens; (4) Plaintiff fails to state a claim upon which relief can be granted; (5) Plaintiff's claims may be barred, in whole or in part, by the statute of frauds; (6) Plaintiff's claims are barred, in whole or in part, by doctrines of waiver, estoppel, unclean hands, and/or laches; (7) Defendants did not owe any fiduciary duties to Plaintiff; (8) Plaintiff and Defendant(s) never formed a partnership; (9) Plaintiff and Defendant(s) had no meeting of the minds and/or agreement on essential terms as to any alleged agreement; (10) Plaintiff and Defendant(s) did not agree on the scope of any alleged agreement; (11) Plaintiff's claims may be barred, in whole or in part, by documentary evidence; (12) The terms of any alleged agreement are too vague or indefinite to be enforceable; (13) To the extent the Court finds the existence of a valid, binding agreement between Plaintiff and Defendant(s), Plaintiff has breached his obligations thereunder; (14) To the extent that the Court finds Plaintiff and Defendant(s) owe each other a fiduciary duty, Plaintiff breached his fiduciary duty to Defendant(s); (15) Plaintiff failed to minimize or mitigate his purported damages; (16) The damages sought were not contemplated at the time of contract negotiations; (17) Plaintiff's damages are impermissibly speculative; (18) Plaintiff states claims for relief that are duplicative of either his breach of fiduciary duty claim or unjust enrichment claim and such duplicative claims for relief should be dismissed; and (19) Plaintiff's claims are barred by accord and satisfaction.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

   The parties do not dispute that diversity jurisdiction exists.

4. **Subjects on Which Discovery May Be Needed:**

   Plaintiff(s):

(1) the parties' arrangement, agreement, or expectations concerning their partnership; (2) the parties' performance pursuant to their arrangement; (3) Defendants' successful sale of materials concerning the FMCN investigation to a third-party investment fund and payment to Plaintiff thereunder; (4) Defendants' (directly or indirectly with/through counsel) preparation and submission of materials to the SEC concerning the FMCN investigation; (4) Defendants' (directly or indirectly with/through counsel) preparation and submission of a whistleblower award application to the SEC concerning the FMCN investigation; (5) Defendants' (directly or indirectly with/through counsel) communications with the SEC concerning involvement of Plaintiff in the FMCN investigation; and (6) Defendants' actions concerning or towards Plaintiff.

   Defendant(s):

(1) Defendants' hire of Plaintiff as an independent contractor and Plaintiff's role in the FMCN investigation; (2) Evidence of Plaintiff's alleged "oral partnership agreement" with Defendants; (3) The parties' contact and communications in New York; (4) Publication of the FMCN report as well as five additional reports on Focus Media between 2011 and 2013; (5) Plaintiff's preparation and submission of a whistleblower award application to the SEC concerning the FMCN investigation; (6) Plaintiff's performance under his alleged partnership agreement with Defendants; (7) Plaintiff's breaches of the fiduciary duty he alleges he owed Defendants; (8) Plaintiff's damages and efforts to mitigate damages; and (9) Plaintiff's actions concerning or towards Defendants.

5. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than September 5, 2025.

   a. Plaintiff will disclose by September 5, 2025 the information required by Fed. R. Civ. P. 26(a)(1).

   b. Defendants will disclose by September 5, 2025 the information required by Fed. R. Civ. P. 26(a)(1).

6. **Amended Pleadings:**

   a. No additional parties may be joined after February 12, 2026. Any motion to join after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

   b. No amended pleadings may be filed after February 12, 2026. Any motion to amend after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

7. **Discovery Plan:**

    a. All fact discovery shall be completed by April 13, 2026.

        i. A conference is scheduled on **April 14, 2026** at **10:00 a.m.** by telephone. The parties should contact chambers using the Court's conference line, +1 646-453-4442 (Conference ID: 253 999 688#).

    b. Initial requests for production were/shall be served by September 12, 2025. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

    c. Initial interrogatories were/shall be served by September 12, 2025. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

    d. Requests to admit shall be served by December 11, 2025.

    e. Depositions shall be completed by March 16, 2026.

    f. The parties propose the following limits on discovery: N/A

The parties agree that interim dates may be altered without court approval, provided final days are not.

    g. Except as otherwise modified in 7(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

    h. The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

Plaintiff: (1) Likely issue includes communications between Defendants and counsel concerning Plaintiff, and from counsel to the SEC concerning Plaintiff. There should be streamlined privilege logs and in camera review; (2) Defendants have brought claims against Plaintiff in the E.D. Pa. The scope of discovery in this case depends on whether Defendants intend to attempt to move those claims into this action; (3) there may be offshore discovery needs.

Defendants: anticipate the need to serve non-party document subpoenas and depose non-parties.

8. **Expert Discovery (if applicable):**

    a. The parties <u>do not</u> anticipate using testifying experts.

    b. Anticipated areas of expertise:

    c. Expert discovery shall be completed by _____.

    d. No less than <u>30 days before the end of fact discovery</u>, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

    e. The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

9. **Electronic Discovery and Preservation of Documents and Information:**

    a. The parties have _____ / have not _____ discussed electronic discovery.

    b. If applicable, the parties shall have a protocol for electronic discovery in place by <u>September 12</u>, 2025.

    c. The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

10. **Anticipated Motions** (other than summary judgment, if any):

    - Motion practice regarding attorney communications.
    - If Defendants intend to move the Pennsylvania claims to New York, then motion to dismiss/summary judgment defendants' counterclaim. To expedite, recommend either (1) motion to dismiss counterclaims does not stay discovery and/or (2) all motions to dismiss counterclaims preserved for summary judgment.
    - Motion to strike Plaintiff's jury demand.

11. **Trial:**

    a. All parties <u>do not</u> consent to a trial before a Magistrate Judge at this time.

Plaintiff consents to trial before a magistrate. Defendants do not consent to trial before a magistrate.

    b. The case is \_\_\_\_/ is not \_\_\_\_\_ to be tried to a jury.

Plaintiff requests case to be tried by a jury. Defendants dispute Plaintiff's demand for a jury trial.

    c. The parties anticipate that the trial of this case will require <u>4 days</u>.

12. **Early Settlement or Resolution:**

    a. Settlement discussions <u>have not</u> taken place.

Plaintiff would be amenable to a settlement conference.

Defendant proposes that private mediation take place at the conclusion of discovery, with the costs to be shared equally between the parties.

    b. The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

    c. The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

    d. The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

    e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. **Other Matters the Parties Wish to Address (if any):**

See above (Section 7(h)).

14. The Court will fill in the following:

The parties shall submit a joint status letter by **October 7, 2025** no longer than <u>3</u> pages.

5

Respectfully submitted this 28th day of July, 2025.

| PLAINTIFF(S): | DEFENDANT(S): |
|---|---|
| Kevin Barnes | Carson Block and Muddy Waters, LLC |
| ATTORNEY NAMES: | ATTORNEY NAMES: |
| Evan Fried<br>David Slarskey<br>Ricky Weingarten | Sana Mayat<br>Andrew G. Celli |
| 767 Third Avenue, 14th Floor<br>New York, NY 10017 | 1 Rockefeller Plaza, 8th Floor<br>New York, New York 10020 |
| ADDRESS | ADDRESS |
| TEL: (212) 658-0661 | TEL: (212) 763-5000 |
| EMAIL: efried@slarskey.com<br>dslarskey@slarskey.com<br>rweingarten@slarskey.com | EMAIL: smayat@ecbawm.com<br>acelli@ecbawm.com |

Dated: New York, New York

    August 18, 2025

SO ORDERED.

_/s/ Henry J. Ricardo_

HENRY J. RICARDO
United States Magistrate Judge