

Evan Fried
646.893.6083
767 Third Ave, 14th Fl
New York, NY 10017

January 6, 2026

**_By ECF_**
Hon. Henry J. Ricardo
United States Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

        Re*:*  <u>Barnes v. Block et al.</u>, 22 Civ. 7236 (S.D.N.Y.)

Dear Judge Ricardo:

  Pursuant to the Court's order dated October 9, 2025, counsel for Plaintiff Kevin Barnes ("Plaintiff") and Defendants Carson Block and Muddy Waters, LLC (collectively, "Defendants") respectfully submit this joint status report.

  **I.**  **Plaintiff's Statement of Status**

  Plaintiff continues to believe that the parties can work together to complete discovery efficiently. However, Plaintiff notes that in the nearly four months since discovery commenced, Defendants have produced 99 documents. At this point, it is possible Defendants will complete their productions in a timely manner with adequate time before the parties' March 16, 2026 deadline to complete depositions, but Defendants have not committed to any timeline or provided any expected timeline for the completion of their productions.

  **A.**  **Plaintiff's collection, review, and production of documents**

  Plaintiff Kevin Barnes has pulled, reviewed, and produced substantial documents in response to Defendants' requests for production. Plaintiff initially collected over 28,000 documents based on based on the original search terms that Defendants proposed pursuant to the parties' search protocol (the "Search Protocol"). After meet-and-confer, the parties agreed that Plaintiff would review and produce documents responsive to a search universe of over 14,500 documents, *i.e.*, more than 50% of the documents that Defendants originally requested.

  Plaintiff made a production on November 10, 2025. Plaintiff has reviewed all documents that are search term hits and expects to complete its productions in the next few weeks. Besides some relatively minor follow-up requests Defendants have made in the last few weeks, there are no outstanding issues with respect to Plaintiff's discovery obligations.

### B. Defendants' collection, review, and production of documents

Plaintiff served document requests on Defendants on September 12, 2025 and proposed electronic search parameters on September 19, 2025. Defendants did not object to that proposal or provide search term hit counts until October 31, 2025. Defendants resisted certain search terms and document requests on the grounds of breadth, and the parties negotiated extensively through correspondence and meet-and-confers. Plaintiff maintained that the discovery Defendants objected to was especially warranted given Defendants' revelation that they no longer have access to the two repositories of electronic documents used by the parties during their work together—Kimpax and Denon. Defendants finally agreed to Plaintiff's modified proposals just three weeks ago on December 19, 2025. The result of these negotiations is that Defendants will pull, review, and produce documents responsive to a universe of just over 20,000 documents, *i.e.*, approximately 10% of the original universe that Plaintiff requested that Defendants search.

On December 15, 2025, Defendants made a production of 99 documents, which Defendants indicated were identified and selected by a process separate from the Search Protocol. To date, Defendants have neither made any productions pursuant to the Search Protocol nor have provided dates when such productions would begin or be completed.

### C. The defamation action in the Eastern District of Pennsylvania

There have been certain updates regarding the defamation action between the parties in the Eastern District of Pennsylvania, *Block v. Barnes*, No. 23-cv-2483. On December 8, 2025, the Court in that action issued a scheduling order. ECF No. 39. That order requires: (1) close of fact discovery on September 30, 2026, *id.* ¶ 7, (2) deadline for dispositive motions on October 31, 2026, *id.* ¶ 10; and (2) trial pool date on December 1, 2026, *id.* ¶ 11. Given the factual overlap between the two actions, the Court also discovery in that action proceed "without repetition or interference" with this action. *Id.* ¶ 1.

## II. Defendants' Statement of Status

Defendants proposed that the parties submit to the Court a joint, non-argumentative update on the status of discovery and the progress the parties have made to date. Plaintiff rejected Defendants' efforts to work collaboratively, insisting instead on submitting a distorted recitation of the discovery that has occurred to date. Defendants are thus compelled to respond and correct the record.

### A. Defendants' collection, review, and production of documents

Defendants have been working diligently to produce documents. Defendants initially collected over 1.1 million records across three general sources (email, mobile, and social media data). Plaintiff initially proposed facially overbroad search terms—including common words such as "Kevin," "Focus," "SINO," and "Silver," over a period of more than 13 years—which predictably resulted in a total of over 215,000 hits. On October 20, 2025, Defendants objected to



Plaintiff's search terms as being, among other things, overbroad and disproportionate to the needs of the case.

**Mobile and Social Media Data:** Because the mobile and social media data yielded a smaller universe of total documents for Defendants to review for responsiveness and privilege, Defendants agreed to search the mobile and social media data while the parties continued to negotiate terms for the email data, the largest document source. At Plaintiff's request, Defendants agreed to search the mobile and social media data based on the hits yielded by Plaintiff's initial search proposal (i.e., the proposal that yielded over 215,000 documents). Defendants' inclusion of these overbroad terms yielded zero additional responsive documents. As Defendants explained to Plaintiff, the December 15, 2025, production drew from the mobile and social media data—the only data about which the parties were not actively negotiating. Defendants produced the vast majority of responsive documents from the mobile and social media data set, which consisted of 99 documents and 800 pages.

**Email Data:** Between October 20 and December 19, the parties engaged in comprehensive negotiations regarding search terms with respect to the email data. Despite Defendants' consistent request for Plaintiff to add connector terms to certain search terms to ensure that the universe of documents would be both reasonable for Defendants to review and likely to yield responsive documents, as of December 12, 2026, Plaintiff had refused to do so, reasoning that limited date restrictions were appropriate for purportedly "non-negotiable" terms. To move most efficiently toward final resolution, Defendants proposed connectors and/or additional date ranges to land at a total universe of over 21,000 documents. Plaintiff requested two additional terms, and Defendants agreed. Defendants are actively engaged in reviewing these 21,000+ documents for responsiveness and privilege and expect to make email data-based productions in the coming weeks.

B. **Plaintiff's collection, review, and production of documents**

Defendants served document requests on Plaintiff on September 12, 2025, and proposed electronic search parameters on September 19, 2025. The parties then negotiated search terms and custodians. Plaintiff did not initially agree to search Plaintiff Kevin Barnes's mobile data, but in a letter dated November 7, 2025, agreed to do so. In response to Plaintiff's responses and objections to Defendants' search term proposal, Defendants proposed connectors to certain search terms on November 13, 2025.

Plaintiff made a first production of 312 documents on November 10, 2025. Following additional negotiation, on November 26, 2025, Plaintiff agreed to search additional terms for a total universe of over 14,500 documents (setting aside mobile hits). To date, Plaintiff has not produced any documents from this universe of documents or provided a date by which he intends to produce more documents. Nor has Plaintiff provided an update on the mobile data collection, or provided hit counts, or indicated when he intends to produce any mobile data.

C. **The defamation action in the Eastern District of Pennsylvania**

Defendants do not have any additional information to add regarding the EDPA case.



3

We thank the Court for its attention to this matter.

                                                    Respectfully submitted,

*//s// Evan Fried*
Evan Fried
*Counsel for Plaintiff*

Andrew G. Celli, Jr
Sam Shapiro
Maggie Turner
*Counsel for Defendants*

Cc:    All counsel of record via ECF

