# CORR CRONIN | LLP

**COLIN M. GEORGE**
*Attorney at Law*

(206) 501-3544
cgeorge@corrcronin.com

May 5, 2026

BY ECF
Hon. Henry J. Ricardo
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *Barnes v. Block et al.*, 22-cv-07236 (LTS) (HJR)

Dear Judge Ricardo:

Non-party Sahm Adrangi ("Mr. Adrangi") respectfully seeks an order quashing the deposition subpoena (the "Subpoena") served on him by Defendants Carson Block and Muddy Waters, LLC (collectively, "Defendants"). This letter motion is filed under Your Honor's Rule II(B)(1) and Local Rule 37.2. The parties have met and conferred and have been unable to reach a resolution.

## I.   Background

This action concerns an alleged 2011 partnership between Plaintiff Kevin Barnes ("Barnes") and Defendants to investigate China-based companies, including Focus Media, Inc. Mr. Adrangi is the founder of Kerrisdale Capital Management, a non-party investment manager. Plaintiff has not alleged that Mr. Adrangi was a participant in the alleged partnership.

On April 2, 2026, Defendants served the Subpoena commanding Mr. Adrangi to appear for a deposition. The parties met and conferred on April 21, 2026 and again on May 1, 2026. On both occasions, Defendants declined to withdraw the Subpoena and refused to agree to a deposition shorter than the Rule 30(d)(1) seven-hour default. At no point have Defendants identified any specific subject on which Mr. Adrangi possesses unique knowledge unavailable from party witnesses or documents.

1015 SECOND AVENUE, FLOOR 10   SEATTLE, WASHINGTON 98104-1001
TEL 206.625.8600   FAX 206.625.0900   CORRCRONIN.COM

May 5, 2026
Page 2

### II. The Subpoena Should Be Quashed

Rule 45 obligates the party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(1), and requires the Court to quash a subpoena that "subjects a person to undue burden," *id.* 45(d)(3)(A)(iv). The burden analysis is applied with heightened solicitude where, as here, the subpoenaed individual is a non-party. *See In re CBS Broadcasting Inc.*, 2023 WL 2984423, at *2 (S.D.N.Y. Apr. 18, 2023) (quashing non-party deposition subpoenas as not proportional to the needs of the case); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (concern for burden on non-parties is "entitled to special weight").

Where the subpoena is directed to a non-party, the burden is on the issuing party to demonstrate that the information sought is relevant and material to the claims at issue. *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (issuing party "must demonstrate that the information sought is relevant and material").

The Subpoena fails to meet these requirements for three independent reasons.

### A. Defendants Cannot Show That Mr. Adrangi Possesses Unique, Non-Privileged Information Unavailable from Other Sources.

Where a non-party deponent lacks unique, non-privileged information relevant to the case, and the issuing party has not exhausted other, less-intrusive sources, the deposition imposes an undue burden and should be quashed. *See Jones v. Hirschfeld*, 219 F.R.D. 71, 77–78 (S.D.N.Y. 2003) (quashing deposition subpoena served on non-party former President Clinton where the issuing party had failed to depose other witnesses with first-hand knowledge and there was no basis to believe the non-party had relevant non-privileged information).

Defendants have made no apparent effort to demonstrate that any testimony they seek from Mr. Adrangi cannot be obtained from party witnesses, from documents produced in this action, or from any other less-burdensome source. The *Jones* court quashed the subpoena where the issuing party offered no basis to believe the non-party was the sole source of relevant non-privileged information. 219 F.R.D. at 77–78. Defendants here have offered no such basis as to Mr. Adrangi.

### B. Memory Testimony About Fifteen-Year-Old Events Is Unduly Burdensome.

The events at issue in this action occurred in 2011. Rule 26(b)(2)(C)(i) requires the Court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Compelling Mr. Adrangi to leave his business unattended and sit for a day of questions about events that took place approximately fifteen years ago is unduly burdensome. After fifteen years, any unaided recollection is necessarily limited to broad impressions, not specifics; for any fact capable of being established

May 5, 2026
Page 3

with precision, contemporaneous documents are a more reliable source than memory. To the extent Defendants seek information that exists in documents, those documents are the appropriate source. In *In re CBS Broadcasting*, the court quashed deposition subpoenas served on a non-party where "the events at issue took place a decade ago." 2023 WL 2984423, at *2. With five additional years of staleness, the same conclusion follows here.

**C. Defendants Refuse to Tailor the Deposition for a Non-Party.**

During both the April 21, 2026 and May 1, 2026 meet-and-confers, undersigned counsel asked Defendants to agree to a duration shorter than the Rule 30(d)(1) seven-hour default. Defendants refused, insisting on the full seven hours. Rule 45(d)(1) requires the issuing party to "take reasonable steps to avoid imposing undue burden" on a non-party. Defendants' refusal to tailor the length of the deposition for a non-party witness is inconsistent with that obligation.

The burden on Mr. Adrangi is compounded by his role at Kerrisdale Capital Management, a small firm with only three employees. Mr. Adrangi is the firm's founder and principal, and the firm's day-to-day operations depend on his involvement. A full seven-hour deposition, on top of preparation time, will meaningfully disrupt the functioning of a non-party business. Defendants have made no effort to accommodate the practical realities of the witness they have chosen to subpoena.

**III. Relief Requested**

Mr. Adrangi respectfully requests that the Court (i) quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv); or, in the alternative, (ii) modify the Subpoena to require Defendants to first exhaust party and document discovery and to permit, in lieu of an oral deposition, written responses to specific, narrowly-tailored questions of the kind approved in *In re CBS Broadcasting*, 2023 WL 2984423, at *3. If any oral deposition is permitted thereafter, it should be limited to topics on which Defendants make a particularized showing of unique non-party knowledge and to a duration of no more than two hours.

Very truly yours,

CORR CRONIN LLP

Colin M. George

May 5, 2026
Page 4

## CERTIFICATION

Pursuant to Your Honor's Rule § II(B)(1), the undersigned counsel hereby certifies as follows:

1. On May 1, 2026, counsel for Defendants and counsel for Mr. Adrangi conducted a conference in a good faith effort to resolve the dispute set forth in the accompanying letter motion.

   a. The conference lasted approximately 10 minutes.

   b. The names of the attorneys who participated in the conference are as follows:

      i. Counsel for Mr. Adrangi: Colin George of Corr Cronin LLP;

      ii. Counsel for Defendants: Sam Shapiro and Adam Nasser of Emery Celli Brinckerhoff Abady Ward & Maazel LLP.

   c. Defendants' position is that they will not withdraw the Subpoena and will not agree to a deposition shorter than the Rule 30(d)(1) seven-hour default.

   d. During the conference, counsel for Mr. Adrangi informed Defendants that Mr. Adrangi believed the parties to be at an impasse and that Mr. Adrangi would be requesting a conference with the Court.

2. The parties also conferred earlier, on April 21, 2026. That conference lasted approximately 10 minutes and was attended by the same counsel listed in Paragraph 1(b) above. Counsel raised the same issues described in this letter, and Defendants took the same positions described in Paragraph 1(c) above.

Dated: May 5, 2026
       Seattle, WA

                                        */s/ Colin George*
                                        Colin George