

Evan Fried
(646) 893-6083
767 Third Ave, 14th Fl
New York, NY 10017

May 11, 2026

BY ECF
Hon. Henry J. Ricardo
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    *Barnes v. Block et al.,* 22-cv-07236 (LTS) (HJR)

Dear Judge Ricardo:

We write on behalf of Plaintiff Kevin Barnes ("Mr. Barnes" or "Plaintiff") regarding the depositions of Defendants Carson Block ("Mr. Block") and Muddy Waters, LLC ("Mudy Waters" and collectively, "Defendants"), which are scheduled to take place tomorrow, May 12, 2026, and Thursday, May 14, 2026. Your clerk directed the parties earlier today to file letters on this subject.

This case has two Defendants: Muddy Waters and Mr. Block. In the main relevant time period of 2011 through 2012, during which the parties worked on the Focus Media project and published the Focus Media report, Mr. Block was the only known owner and agent of Muddy Waters, and Mr. Barnes only knew Mr. Block to have operated through Muddy Waters.

Plaintiff thus proposed collapsing the Rule 30(b)(6) deposition of Muddy Waters and the personal deposition of Carson Block into one combined deposition. The parties discussed this combined deposition in multiple meet and confers, as early as February and into March. This approach made sense because the questioning could proceed chronologically and efficiently, without any need to decontextualize the testimony and questioning. This approach would also avoid the need for duplicative questioning and testimony, given the fact that Mr. Block and Muddy Waters were essentially one and the same during the Focus Media project. Plaintiff consistently maintained that combining the two depositions could result in time-saving, *i.e.*, using **less than** the 14 hours otherwise available to Plaintiff.

From Plaintiff's counsel's perspective and recollection, Defendants agreed to this combined approach.[1] Defendants' counsel only caveated that the 30(b)(6) deposition topics needed to be within Mr. Block's knowledge. Defense counsel agreed that there would be a high amount of overlap between the 30(b)(6) and individual depositions. Defendants' subsequent Responses and Objections to the topics confirm that Mr. Block is equipped to testify on all relevant subjects (with Defendants only objecting to a couple topics which Plaintiff did not intend to probe). Plaintiff prepared for the deposition in reliance on collapsed depositions, and the parties agreed to depositions for May 12 and 14, 2026.

Last Wednesday, May 6, Defendants deposed Plaintiff Kevin Barnes. Defendants went over their allotted seven hours. However, in the spirit of good faith and cooperation, Plaintiff gave Defendants an extra 30 minutes of questioning.

---

[1] The three lawyers from Plaintiff's side, Ms. Santoro, Ms. Roberts, and myself, all agreed as to our recollection of these meet and confers.

At the end of the deposition, Defendants requested to change the schedule for the depositions of Defendants because Mr. Block had travel plans on Thursday afternoon, despite the deposition dates having been set for months. I informed Defendants' counsel that this would not be possible due to childcare constraints.

On Friday afternoon, May 8, the parties submitted their joint status letter to the Court, informing the Court that the depositions of Defendants were proceeding on May 12 and 14. After that letter was filed, at 6:16 p.m., defense counsel sent an email informing us that Mr. Block has a "hard stop" at 3:30 p.m. on Thursday, May 14 "due to pre-booked travel." We responded that the parties agreed on these deposition dates long ago and Plaintiff reserves the right to a full 14 hours of questioning, although we endeavor to use less than that.

After some back and forth, Defendants asserted that Mr. Block's unilateral shortening of his deposition should not be an issue because Thursday's deposition will be the 30(b)(6) and should not be long. Plaintiff's counsel asked multiple times for an explanation, as from Plaintiff's perspective, the parties had agreed for months that the two depositions would be combined—and not strictly a 30(b)(6). Additionally, Plaintiff believes the 30(b)(6) deposition should be as long, if not longer, than the personal deposition of Mr. Block.

Defendants' emails were from Adam Nasser, who was not present at the meet and confers in which the combined deposition was discussed. We thus gave defense counsel the benefit of the doubt. Both firms have had a cordial and cooperative relationship in this case to date.

We did, however, inquire multiple times if Defendants were attempting to re-trade on the parties' agreement to a combined deposition. Defendants dodged the question until 10 p.m. on Sunday night, when they responded that the parties never agreed to collapse the two depositions.

We do not agree with Defendants' revisionist view of the parties' agreement. However, attempting to compromise—and following through on our commitment to try to reduce, rather than increase, the time Mr. Block should sit for a deposition—Plaintiff responded on Monday morning offering to shorten the combined deposition to 11 hours, provided that Defendants agree to not disrupt the impending depositions with this new objection.

In response, Defendants continued to object. In emails and an eventual phone call with Mr. Shapiro (counsel for Defendants), Defendants' counsel explained that collapsing the depositions could be "confusing" if we failed to specify which Defendants we were referring to. We specified that Plaintiff would specify which deponent the question is directed to where practical—and that this is *Plaintiff's* problem, as the questioner, in any event. Defendants' counsel has offered no explanation for the re-trade—except to mention that he was being an "advocate" for his clients. Despite Plaintiff's many attempts to compromise, Defendants refused to budge.

Plaintiff merely seeks to proceed on these two depositions—which have been agreed-to for months—without disruption or inefficiency. Defendants' actions over the last few days—belatedly raising a "hard stop" on the second day of planned deposition, rewriting the scope or parameters of depositions, and suddenly disclosing for the first time today that they are making a document production and issuing an updated disclosure—smack of gamesmanship and last-minute attempts to gain an edge in the upcoming depositions.

Plaintiff respectfully requests that Mr. Block be directed to sit for two days of deposition testimony—tomorrow and May 14—without differentiation between a personal and 30(b)(6) deposition. Plaintiff commits to be efficient and not duplicate testimony.



Respectfully submitted,
*//s// Evan Fried*
Evan Fried

