

Evan Fried
(646) 893-6083
767 Third Ave, 14th Fl
New York, NY 10017

May 13, 2026

BY ECF
Hon. Henry J. Ricardo
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    *Barnes v. Block et al.,* 22-cv-07236 (LTS) (HJR)

Dear Judge Ricardo:

We write on behalf of Plaintiff Kevin Barnes ("Mr. Barnes" or "Plaintiff") in response to non-party Sahm Adrangi's ("Mr. Adrangi") motion to quash the deposition subpoena (the "Subpoena") served on Mr. Adrangi by Defendants Carson Block and Muddy Waters, LLC (collectively, "Defendants"). Defendants' attempt to take overreaching discovery on non-party Kerrisdale Capital Management ("Kerrisdale") and its principal, Mr. Adrangi, should be rejected.

As background, Plaintiff became employed at Kerrisdale in 2012 after working in earnest with Defendants on the Focus Media project and report as a partner with Defendants in 2011. As far back as September 2025, Defendants served discovery in this action requesting information concerning Kerrisdale—which Plaintiff initially resisted on the basis of relevance. In response to Plaintiff's objection, Defendants provided assurances that the only relevance of such discovery was whether Plaintiff made admissions—for example, in a resume—concerning the nature of the relationship between Plaintiff and Defendants or work on the Focus Media project and report.

Defendants deposed Mr. Barnes last week, on May 6, 2026. The transcript is not yet available, but in the deposition, Defendants sought overreaching testimony concerning (1) Kerrisdale's trading history, including more than one year after the 2011 Focus Media report at issue in this action, and (2) Kerrisdale's hiring of an employee who formerly worked with Defendants in or around 2016—long after Mr. Barnes had already left Kerrisdale. Defense counsel's questioning admitted that Defendants and Kerrisdale are "competitors." Mr. Barnes testified that he had no knowledge of Kerrisdale's trading the questioned securities or of the ex-employee. Defense counsel did not ask any questions about what Defendants had previously purported to be the relevance of Kerrisdale.

This Subpoena—as well as the document subpoenas that Defendants served on Mr. Adrangi and Kerrisdale—are short-seller espionage, far afield from what Defendants represented to be the reason for their seeking discovery.

Moreover, both Mr. Barnes and Kerrisdale have produced documents responsive to the Kerrisdale-related requests. Defendants have received what they purported to seek; subjecting Mr. Adrangi to seven hours of cross-examination is vexatious and should not be permitted.

For these reasons, Plaintiff join in Mr. Adrangi's motion.

Respectfully submitted,
*//s// Evan Fried*
Evan Fried