EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020
TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

June 18, 2026

***Via ECF***

Hon. Henry J. Ricardo
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Re:   *Barnes v. Block et al.*, 22-cv-07236 (LTS) (HJR)

Dear Judge Ricardo:

Defendants Carson Block and Muddy Waters, LLC ("MW LLC") write in response to Plaintiff Kevin Barnes' ("Plaintiff") pre-motion letter seeking leave to file an amended complaint. Leave to amend at this late juncture should be denied because (1) Plaintiff has been aware of the facts necessary to bring a contract claim since before he filed his complaint, (2) Plaintiff's request would prejudice defendants, requiring the reopening of discovery and creating significant expense that could have been easily avoided, and (3) the proposed contract claim fails as a matter of law.

The deadline to file an amended pleading expired on February 12, 2026, ECF No. 50 ¶ 6, and, with limited exception, fact discovery closed on May 29, 2026. ECF No. 103. "Where a party's motion to amend would require altering a court's scheduling order, the party must satisfy both Federal Rules of Civil Procedure 15 and 16 to be permitted to amend." *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 714 F. Supp. 3d 310, 322 (S.D.N.Y. 2024) (cleaned up). A party seeking to file an amended pleading after the deadline set in the scheduling order "must demonstrate good cause" under Rule 16, which requires that Plaintiff "show that the deadline[] could not have been reasonably met despite [his] diligence." *Id.* Because the deadline for Plaintiff to file an amended complaint expired four months ago, the Rule 16 "good cause" standard applies, "together with considerations of futility . . . and prejudice" under Rule 15. *Id*; *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (under Rule 15 a district court also "has discretion to deny leave for good reason"). Plaintiff does not carry his burden under Rule 16, and the Rule 15 discretionary factors also counsel in favor of denial.

## I.   Plaintiff Fails to Carry His Burden to Show Good Cause for Delay

Plaintiff could have pleaded a contract claim at the time he filed this action in July 2022, but he chose not to. He should not be permitted to reverse course years into the litigation, after the close of fact discovery.

Plaintiff's proposed contract claim hinges entirely on his meeting with Mr. Block on September 14, 2011. Plaintiff has been aware of this meeting – and what he discussed with

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

Page 2

Mr. Block – for over 14 years. The meeting is the focal point of his original complaint. ECF No. 11 ¶¶ 42–51. Plaintiff readily admits that his proposed contract claim "aris[es] from the same nucleus of operative facts already pled." ECF No. 113. His admission is fatal to his contemplated motion to amend. *See Kant v. Columbia Univ.*, No. 08-CV-7476 (PGG), 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (denying leave to amend where "proposed amendments concern[ed] facts clearly within the plaintiff's knowledge when previous complaints were filed"); *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 359 (S.D.N.Y. 2020) (denying leave to amend where plaintiff had "been aware of the factual underpinnings of" the new claims in the proposed amended complaint "since the outset of this litigation").

Plaintiff's feigned surprise at Mr. Block's testimony that the parties had an agreement regarding the FMCN project in no way justifies Plaintiff's delay. That Mr. Block and Mr. Barnes agreed to work together on the FMCN project is not new information. Defendants have repeatedly acknowledged, including in conferences before the Court, that Mr. Block agreed that Mr. Barnes would join the FMCN investigation, including traveling to Thailand with the team. As Plaintiff admits, Defendants have consistently maintained in this litigation that Mr. Barnes was a consultant/contractor on the FMCN project (as Mr. Block also testified at his deposition). *See* Proposed Amended Complaint ("PAC") ¶ 124 ("Mr. Block testified that the nature of Mr. Barnes' relationship with Defendants was that of an independent contractor.").[1]

Mr. Block's testimony as to a written consulting agreement does not justify Plaintiff's delay because, *inter alia*, Plaintiff repudiates (rather than relies on) that testimony in his proposed amendment. PAC ¶ 125 ("Mr. Barnes disagrees that there was ever a written agreement between Mr. Barnes and Defendants concerning the nature of their relationship or Mr. Barnes' rights to compensation thereunder."). Plaintiff says this written agreement is the crucial fact that explains his delay while at the same time denying that it ever existed. Plaintiff's proposed new theory – predicated on a written agreement that he insists does not exist – is incoherent and contradictory. Thus, the supposedly "new" and "false" (according to Plaintiff) fact of the written agreement does not show good cause to amend. *See Kant*, 2010 WL 807442, at *7 (collecting cases) (denying leave to amend to add "new allegations concerning the alleged oral agreement" that contradicted plaintiff's previous allegations); *Davis v. Sedgwick Claim Mgmt. Servs., Inc.*, No. 21-CV-7090 (PGG), 2023 WL 6141170, at *8 (S.D.N.Y. Sept. 20, 2023) (denying leave to amend where plaintiff was "attempting to maintain two contradictory sets of factual allegations"). And to the extent Plaintiff claims the parties' *oral* discussions on September 14, 2011 provide good cause to amend, he is far too late. Plaintiff's failure to carry his burden under Rule 16 is fatal to his application.

## II.    The Proposed Amendment Would Prejudice Defendants

Leave to amend should also be denied because it would prejudice Defendants. "The degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party." *AT&T*, 714 F. Supp. 3d at 341 (internal quotation omitted); *see also Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008). In the cases Plaintiff cites, depositions had not yet occurred and neither party indicated that the amendment would require additional discovery. *AT&T*, 714 F. Supp. 3d at 342; *Contrera v. Langer*, 314 F. Supp. 3d 562, 575 (S.D.N.Y. 2018).

---

[1] Without waiving the confidentiality designation that Defendants have asserted with respect to the transcript of Mr. Block's deposition, Defendants do not believe the portions of the PAC quoted herein need to be redacted.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

This case is the inverse. The parties conducted fact discovery based on Plaintiff's breach of fiduciary duty claim, and discovery has already closed. Plaintiff's new contract theory, if countenanced, would require significant additional discovery. The elements of a breach of fiduciary duty claim (based on an oral partnership) and a breach of contract claim are distinct, as are the available defenses. The defenses Defendants have explored in discovery – including that Mr. Barnes did not share profits and losses – are unique to a partnership. But a breach of contract claim is broader. For that claim, Defendants would need to explore, *inter alia*, what species of alleged contract existed and whether Plaintiff performed under the terms of that alleged contract (although Plaintiff does not plead what those terms were, which separately dooms his amendment).

Defendants would also need discovery on the facts relevant to the Statute of Frauds – a defense unique to an oral contract claim – such as whether the parties contemplated that the alleged "monetization" of the research would continue beyond one year (the whistleblower award was issued 11 years later). *See Guterman v. RGA Accessories, Inc.*, 196 A.D.2d 785, 785 (1st Dep't 1993) ("The indefinite promise to pay commissions on all future sales is clearly within the Statute and voidable for want of a writing satisfying the Statute."); *Glob. Auto, Inc. v. Hitrinov*, No. 13-CV-2479 (PKC)(RER), 2021 WL 7367078, at *5 (E.D.N.Y. Aug. 20, 2021) (finding oral profit-sharing agreement was unenforceable under N.Y. Gen. Oblig. L. § 5–701(a)(1) where the material term of final payment of profits would not occur within one year). Defendants would also need to explore facts relevant to whether the alleged oral contract fell within other statutory bars, such as the prohibition on agreements to "pay compensation for services rendered" in "assisting in the negotiation or consummation" of "a business opportunity." *See Gutkowski v. Steinbrenner*, 680 F. Supp. 2d 602, 613 (S.D.N.Y. 2010) (finding alleged oral contract barred by GBL § 5–701(a)(10) where plaintiff claimed entitlement to compensation for "identifying and analyzing the business opportunity" and being a "major contributor" to the eventual formation of the project).

Exploring these issues, among others, would require additional written discovery, a second deposition of Plaintiff, and subpoenaing and deposing the other individuals that Plaintiff says he confided in about the agreement arising from the September 14, 2011 meeting (confidences he revealed for the first time at his deposition last month). Plaintiff's proposed eleventh hour amendment should be denied because it would prejudice Defendants and cause undue delay and expense in a case already in its fourth year. *See Baez v. Delta Airlines, Inc.*, No. 12-CV-3672 (KPF), 2013 WL 5272935, at *7–8 (S.D.N.Y. Sept. 18, 2013) (denying motion to amend where discovery was completed and amendment would require redeposition of witnesses).

## III.    The Proposed Amendment Would Be Futile

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 87 (2d Cir. 2023); *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss.").

Plaintiff's proposed breach of contract claim fails to state a claim as a matter of law for at least four reasons. First, Plaintiff does not even plead the existence of a contract. He conclusorily states that "*[t]o the extent the agreement between Mr. Barnes and Defendants was contractual*, Mr. Barnes performed under such agreement," PAC ¶ 148 (emphasis added), without ever affirmatively alleging that such an agreement actually existed. In fact, Plaintiff

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

denies the existence of the contract. *Id.* ¶ 147. Second, Plaintiff does not plead the essential terms of the contract. *See Generation Next Fashions Ltd. v. JP Morgan Chase Bank, NA.*, 698 F. Supp. 3d 663, 673 (S.D.N.Y. 2023) ("A breach of contract claim will be dismissed where a plaintiff fails to allege the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated.") (cleaned up). Third, Plaintiff fails to plead that Defendants breached specific terms of the alleged contract. *See Spencer-Smith v. Ehrlich*, No. 23-CV-02652 (LJL), 2024 WL 709291, at *12 (S.D.N.Y. Feb. 21, 2024) (collecting cases) (dismissing breach of contract claim for failure to "identify the specific provisions" that defendants "are alleged to have breached"); *Manes v. JPMorgan Chase Bank, N.A.*, No. 20-CV-11059 (VEC), 2022 WL 671631, at *7 (S.D.N.Y. Mar. 7, 2022) (plaintiff's omission of the specific "contractual provision [defendants] allegedly breached" is grounds for dismissal).

Fourth, even if the parties agreed to "split proceeds from any monetization of the research that Mr. Barnes conducted in connection with Defendants," PAC ¶ 146, that would not entitle Plaintiff to the 50 percent share of the whistleblower award that he seeks in his contract claim. Plaintiff does not allege there was a meeting of the minds between him and Mr. Block as to whether a whistleblower award constituted a "monetization of the research." After the FMCN Report was published, there was no research left to sell. The SEC stated that it issued Mr. Block a whistleblower award based on his communications with the SEC, not because of the FMCN Report itself, which the SEC discovered independently. *Doe (Claimant #2) v. Sec. & Exch. Comm'n*, No. 22-1652, 2023 WL 3562977, at *2 (3d Cir. Mar. 23, 2023). Both the SEC and the Third Circuit rejected Plaintiff's theory that the whistleblower award was due to the report (and his contributions thereto), explaining that Mr. Block was entitled to an award because he provided information directly to the SEC. *Id.* at *3.

## IV.    The Proposed Redaction of Confidential Third-Party Information is Warranted

Defendants concur that Plaintiff's proposed redactions of third-party confidential information are necessary for the reasons set forth in Defendants' previous motion to seal, which the Court granted. ECF Nos. 67, 69. The identities of the PRC nationals (designated Attorney's Eyes Only under the Protective Order) who worked on the FMCN investigation – that Plaintiff proposes to redact in Defendants' disclosures – are also highly sensitive for security reasons.

\* \* \*

For the foregoing reasons, Defendants respectfully request that the Court deny leave to file an amended complaint at the June 23 conference. In the alternative, Defendants request the opportunity to oppose Plaintiff's contemplated motion with fulsome briefing.

Sincerely,

/s/
Andrew G. Celli, Jr.
Samuel Shapiro
Adam Nasser