

Evan Fried
(646) 893-6083
767 Third Ave, 14th Fl
New York, NY 10017

June 9, 2026

<u>BY ECF</u>
Hon. Henry J. Ricardo
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

Re*:*   *Barnes v. Block et al.*, 22-cv-07236 (LTS) (HJR)

Dear Judge Ricardo:

We write on behalf of Plaintiff Kevin Barnes ("Barnes" or "Plaintiff") pursuant to Your Honor's Individual Rules II(B)(2) and Local Civ. R. 15.1 to request a pre-motion conference regarding Plaintiff's anticipated motion for leave to amend the complaint. The proposed amendment adds a single breach of contract claim arising from the same nucleus of operative facts already pled. No new parties are added, and the amendment does not expand discovery beyond the topics already at issue. The amendment is necessitated by Defendant Carson Block's ("Block") recent testimony—contrary to his previous positions—that there is supposedly a written agreement governing the parties' relationship.

On May 26, 2026, Barnes sent Defendants Block and Muddy Waters, LLC (together, "Defendants") a copy of the proposed amendment, and requested Defendants' consent. Defendants replied on June 2, 2026 that they do not consent to the amendment.

## I.   Background on the Amendment

In this action, Plaintiff alleges that he and Defendants formed an oral joint venture to research and publish materials concerning China-based Focus Media Research, Inc. (*See generally* ECF No. 13.) Barnes asserts that Defendants breached their fiduciary duties and/or were unjustly enriched when Defendants collected a $14 million SEC whistleblower award without compensating Barnes. (*See id.*)

Defendants have consistently denied the existence of any agreement with Barnes. In their Answer, for instance, Defendants assert that Barnes and Defendants had no meeting of the minds, did not agree on the scope of any alleged agreement, and that the Statute of Frauds bars the existence of any agreement. (ECF No. 47 at 13-15.) Likewise, in Defendants' Fed. R. Civ. P. Rule 26(a)(1)(ii) disclosures, Defendants did not identify the existence of—much less produce—any written agreement with Barnes. (*See* Ex. 1 (compilation of Defs. Initial and Supp. Disclosures).)

Plaintiff took the deposition of Block on May 12 and 14, 2026. (*See* Ex. 2.) Under oath, Block testified—for the very first time—his belief that that he or one of his entities and Barnes entered into a written agreement in 2011 (*id.* at 11:20–12:21) and that this supposed agreement contained terms governing the parties' relationship. (*Id.* at 130:8–24, 132:3–7.)

When further probed on the issue, Block testified that his position now is that there *was* an arrangement between Defendants and Barnes (*id.* at 117:12–118:10, 150:23-151:5), that, following a critical hotel meeting between the parties in 2011, there *was* a meeting-of-the-minds

(*id.* at 149:21–150:17), but that the disagreement between Barnes and Defendants is the *terms* of such relationship. (*See id*.) Barnes has consistently stated that his position is that Defendants and Barnes were to split net proceeds from their relationship—as they did when Defendants sold research to a third-party investment fund. Block, by contrast, testified that this supposed written agreement stated that Barnes' only compensation—for months' of on-ground work in Asia—was reimbursement for travel expenses and a potential bonus at the Block's sole discretion. (Ex. 2 at 158:13–159:13, 72:12–74:21 (Block admitting he did not investigate the legality of any such arrangement).) Needless to say, Barnes disagrees with Block's likely-unlawful theory wherein Barnes executed a written instrument agreeing that he would work for free.

Block testified that, to the extent this alleged agreement ever existed, he can no longer find it because he lost wholesale access to any documents between approximately 2011–2013. (*Id.* at 132:22–25, 133:9–20, 134:1–7.) Block offered no real response as to why he did not include the supposed agreement in earlier disclosures. (*Id.* at 130:8–133:8.)

## II.    The Court Should Grant Leave to Amend

 "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should only be denied where the non-movant can demonstrate "good reason," which "normally involves" "undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." *Contrera v. Langer*, 314 F. Supp. 3d 562, 566 (S.D.N.Y. June 4, 2018) (citations omitted).

Barnes seeks leave to amend to bring a breach of contract cause of action, as precipitated by Block's recent testimony. (Ex. 3 ¶ 119–126, 143–149.) The claim is brought in the alternative to Barnes' existing theories sounding in fiduciary duty and unjust enrichment. (*See id.*) Insofar as *Block* now suggests that Defendants' relationship with Barnes is governed by a contract, Defendants have tacitly admitted that a breach-of-contract claim is appropriate. *Contrera*, 314 F. Supp. 3d at 571 (granting leave to amend to assert contract claim).

There is no prejudice, bad faith, or undue delay. The proposed contract claim arises from the same operative facts already at issue, and are subject to defenses concerning the existence, scope, and breach of any agreement. Counsel for Defendants deposed Barnes on May 6, 2026—one week before the deposition of Block—and thus were likely aware of their client's impending testimony. Barnes does not presently seek additional discovery based on Defendants' new theory.

Moreover, Barnes promptly raised the amendment with Defendants just days after receiving the transcript from the Block deposition. To the extent there is any delay in Barnes' pleading such theory, it is only because Defendants never disclosed their belief of a contract on point—much less produced such agreement or informed Barnes that they could not locate it. *See AT&T Corp. v. Atos IT Solutions and Services, Inc.*, 714 F. Supp. 3d 310, 327–329 (S.D.N.Y. Feb. 1, 2024) (granting leave on certain claims and rejecting assertions of bad faith).

* * *



2

A clean copy of Plaintiff's proposed amended complaint is attached as Exhibit 3, and a redlined copy of Plaintiff's proposed amended complaint is attached as Exhibit 4.

We thank the Court for its attention to this matter.

Respectfully submitted,
*//s// Evan Fried*
Evan Fried

